(Page 4 of 8)
Case 4:20-cv-04111 Document 1-2 Filed on 12/03/20 in TXSD Page 1 of 5
9/23/2020 11:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46493151
By: Rhonda Momon
Filed: 9/23/2020 11:53 AM

CAUSE NO. _____

| | | |
|---|---|---|
| ZACHARY NELSON | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| MCNEIL BROTHERS TEXAS PAVING, INC., ET AL | § § § | |
| Defendant. | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ZACHARY NELSON, "Plaintiff" herein, and files this, his Original Petition, complaining of and against McNeil Brothers Texas Paving, Inc. and its employees John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, and John Doe 6 (hereinafter referred to as "Defendants"), and would show unto the Court the following:

### I.
### Discovery Plan

Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### II.
### Parties

Plaintiff Zachary Nelson is a resident of Montgomery County, Texas.

Defendant **McNeil Brothers Texas Paving, Inc.** is a foreign for-profit corporation, organized and existing under the laws of the State of Arizona. Defendant has its principal office in the State of Arizona, which is located at 6681 W Allison Road., Box 5045, Chandler, Arizona

85226. Since Defendant engages in business in Texas but does not maintain a regular place of business in Texas, Defendant may be served with process by serving its registered agent at:

700 Lavaca, Suite 1401
Austin, Texas 78701

John Does 1-6, upon information and belief, are residents of Harris County Texas.

### III.
### Venue

Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) in that the accident occurred in Harris County, Texas.

### IV.
### Jurisdiction

The Court has jurisdiction over this action, because the damages sought by Plaintiff are well in excess of the minimum jurisdictional limits of this Court.

### V.
### Facts

On or about August 28, 2019 Plaintiff was working as a dump truck driver for CGC Logistics, LLC. McNeil Brothers Texas Paving, Inc. (hereinafter, "McNeil Brothers") is a concrete paving and barrier contractor that was doing construction work at a jobsite on the westbound lanes of Beltway 8 South in Houston, Texas (hereinafter, "jobsite"). Plaintiff, along with several other drivers, was hauling concrete from McNeil Brothers' concrete mixing yard (hereinafter, "the yard") to the jobsite where they would then empty their load into a paving machine. Upon arrival to the jobsite, McNeil Brothers employees would direct the drivers to empty their loads into a paving machine. Once completed, McNeil Brothers employees were then required to verify the truck beds were empty and then inform the drivers of same. The drivers would then return to the yard for another load. Once the drivers returned to the yard, McNeil

Brother employees were required to rinse out the remaining concrete from the bed of the trucks before a new load of concrete was loaded. Once it was thoroughly cleaned, McNeil Brothers employees would then inform the driver of same and direct him to pick up a new load of concrete.

Prior to the incident at issue, Plaintiff had made a previous round trip wherein he picked up a load from the yard and delivered it to the jobsite. When he returned to the yard, McNeil Brothers employees began to wash out the bed of his truck. However, the employees rushed through the procedure and informed Plaintiff that his truck was clean, when in fact it was not. Plaintiff then picked up another load of concrete and delivered it to the jobsite. He then dumped his load into the paving machine as instructed by McNeil Brothers employees. The McNeil Brothers employees then informed Plaintiff that his bed was empty, when in fact it was not.

Plaintiff then drove forward and attempted to lower his bed and secure the tailgate. Inside the cab of his truck, however, he was notified that the tailgate would not properly close. When he went to the rear of the truck to inspect it, tons of solidified concrete slid out of the rear of the truck and landed on his foot. The incident tore the skin from Plaintiff's foot, caused multiple fractures, and severed his 4th and 5th toes. Plaintiff continues to endure pain and the permanent disfigurement of his right foot to date.

## VI.
## Causes of Action

Defendants are liable to Plaintiff for the following acts and omissions:

A.  **General Negligence**

The occurrence made the basis of this lawsuit as referred to in Paragraph V and Plaintiff's resulting injuries and damages were proximately caused by the negligent and/or grossly negligent conduct of Defendants, in that Defendants violated a duty which they owed to Plaintiff to not create hazardous or unreasonably dangerous conditions to Plaintiff and other truck drivers at the

construction site. Defendants exercised control over the loading, unloading, and cleaning of Plaintiff's truck and therefore owed Plaintiff a duty of care to make sure that Defendants' exercise of control did not create an unreasonably dangerous condition. Defendant McNeil Brothers Texas Paving, Inc. also had a duty to properly train and manage its employees in the performance of their duties. McNeil Brothers' improper training and management of its employees resulted in the negligent conduct of its employees, which caused Plaintiff's injuries.

### B. Respondeat Superior

McNeil Brothers is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees (Jon Does 1-6). At the time of the incident at issues, Jon Does 1-6 were employees of McNeil Brothers and said employees were acting within the course and scope of their employment. McNeil Brothers is therefore vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees on the basis of respondeat superior.

## VII.
## Damages

As a result of the incident in question, Plaintiff has incurred personal injuries, mental anguish, lost wages, physical pain and suffering, disfigurement, and physical impairment. Furthermore, Plaintiff will, in all reasonable likelihood, continue in the future to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical expenses, and physical impairment. Plaintiff seeks all legally recoverable damages, actual and special under Texas law, including costs of court, exemplary damages, and pre-judgment and post-judgment interest, if any. Plaintiff seeks monetary relief of over $1,000,000 and all other relief to which the Court may deem Plaintiff to be entitled.

## VIII.
## Jury Demand

Plaintiff demands a trial by Jury and has tendered the appropriate fee with this Original Petition and Request for Disclosure.

## IX.
## Request for Disclosure

Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of receipt of this request, the information or material described in 194.2.

## X.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that upon the trial of this case, Plaintiff has judgment against the Defendant for all actual and special damages, exemplary damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**HOLLADAY LAW FIRM**

/s/ R. Jason Holladay
R. JASON HOLLADAY
Texas State Bar No. 24050774
8777 W. Rayford Rd. Suite 104
Spring, Texas 77389
Telephone: (281) 978-2141
Facsimile: (281) 978-2142
Email: jason@holladaylaw.com

**ATTORNEY FOR PLAINTIFF**